NO. 7671.          COURT OF APPEAL

Mrs. NELLIE HOGAN GORMAN
                            STATE OF LOUISIANA
         VS

GULF MILL & LUMBER CO (Inc)    PARISH OF ORLEANS
--------------------------------------------

7671

OPINION.

St. Paul, Judge.

This is an action under the Workmen's Compensation
Statute, purely and simply; there is no pretense to any
other cause of action. Plaintiff, whilst in defendant's
employ, had "two phalanges of the fourth finger of his
right hand cut off." (sic)

As the physical facts set up in the petition are
admitted in the answer and no evidence was taken thereon,
we do not know exactly at what point the fingers were
ampututated; and hence cannot judge the exact extent of
plaintiff's injuries, not having seen her. For the words
of the statute, and of the petition, towit "LOSS of a
thumb x x x finger x x x first phalange of the thumb x x
two phalanges of any finger x x x more than one phalange
of the thumb x x x more than two phalanges of any finger
or toe x x x the entire member x x x more than one finger
x x a hand x x x a foot, etc, etc," are somewhat ambiguous
and may perhaps be understood differently by counsel and
by ourselves; of which however we shall say more only
when the issue presents itself. In this case we take for
the facts what is written.

II.

With the facts as thus stated, and admitted, the
statute fixes the compensation to which plaintiff is
entitled for the "two phalanges" of the index finger of
her right hand; the loss of "two phalanges" of any finger
being considered (by the statute) equal to the loss of
one half of the member, and the compensation being fixed at
one half that specified for the loss of such member. The
fact that it was plaintiff's "right" hand is irrevelant,
since (mirabile dictu) the statute does not distinguish
between the right hand and the left. The compensation for
this injury is therefore 55% of the weekly wage for 15
weeks.

200

### III.

As to the loss of "one phalanx of the fourth finger", there is no compensation fixed by the statute; but "the court" may allow such compensation "as is reasonable in proportion to the compensation specifically provided in the cases of specific disabilities, not to exceed &c."

It was therefore within the sound discretion of the District Judge to fix the compensation for this injury; and as he saw the plaintiff and could form an exact idea of the extent of her injury, we who have not seen her and do not know exactly what was meant by the loss of "one phalanx", are in no position to review that discretion; the full facts not being before us. He fixed that compensation at 50% of her weekly wage for five weeks, and we will not interfere.

### IV.

It is claimed however that "by reason of said accident and the loss of the two phalanges and one phalanx aforesaid, the usefulness of her right hand is seriously and permanently impaired; that she has lost the strength of said hand; that said hand is of little, if any, service to her". Wherefore she claims additional compensation for 100 weeks (under clause e of the first subdivision of section 8, act 38 of 1918, p. 54)

This claim cannot be allowed. The evidence shows that by reason of the injuries precisely stated in the petition, and admitted, plaintiff's hand will never be as useful to her as it was before; that as yet she has but a very imperfect use of her maimed hand; that her hand is still weak. That is to say, the evidence shows (in effect) simply this, that she has not yet acquired control over her heretofore little-used middle finger, or been able to make it do the work of the lost index finger; that her hand, by non-usage for some weeks, has become weakened for the time being. But all of this will undoubtedly be remedied in time, and is but the natural consequences of the very injuries she received, and for which the law fixes a specific compensation intended to cover that

201

injury and all its natural consequences. The court therefore can allow no more.

The case of Rodriquez vs Gulf-Woodworking Co (#6801) has therefore no application to the case before us. Where we #### found as a fact that the injuries received amounted to more than the mere loss of the amputated fingers; that the hand was so permanently and completely disabled as to be "lost" to the plaintiff, even though not actually amputated. The case here is quite different; we find neither permanent nor complete disability of the hand.

### V.

What we have said just above applies equally to plaintiffs claim for "loss of time"; that was the necessary consequences of her injuries, and therefore was included in the statutory compensation.

The judgment appealed from seems correct, and it would not be disturbed; except that by oversight the trial judge fixed the compensation (for 20 weeks) at 50% of the weekly wage (the petition inadvertently praying for that much only); whilst the statute of 1918 fixes the compensation at 55%, and defendant consents to an amendment accordingly, if it be not taxed with the costs of appeal.

The judgment appealed from is therefore amended by increasing the weekly allowance from Four dollars and five cents ($4.05) to Four dollars and forty five cents ($4.45), and as thus amended it is affirmed; costs of appeal to be borne by plaintiff.

New Orleans, La, January      1920